UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frederick Leron McKnight,

Petitioner/Defendant,

v.

ORDER
Crim. No. 97-347 (MJD)
Civil No. 01-434(MJD)

United States of America,

Respondent/Plaintiff.

---

This matter is before the Court upon Defendant's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b).

Background

The Defendant was charged in a five count superseding indictment with drug conspiracy as well as substantive counts of aiding and abetting possession of cocaine or crack cocaine with the intent to distribute in violation of 18 U.S.C. §2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Subsequently, the government filed an Information pursuant to 21 U.S.C. § 851, based on Defendant's prior felony conviction in Hennepin County, Minnesota. The effect of this Information was to raise the applicable mandatory minimum sentence from ten to twenty years, and to raise the maximum statutory sentence from twenty to thirty years. See 21 U.S.C. § 841(b)(1)(A).

Defendant entered into a Plea Agreement in which he agreed to plead guilty to Count I of the superseding indictment. Prior to his sentencing, however, Defendant moved to withdraw his guilty plea. He retained separate counsel for the purposes of this motion. At the hearing on the motion to withdraw, the Court admonished the attorney for bringing a motion to withdraw without waiving the attorney client privilege, and for not seeking to support the motion with additional evidence. In fact, the Court denied the motion to withdraw and put counsel on notice that contempt proceedings would be scheduled. In the end, the Court did not find counsel in contempt, but ordered her to attend further training and to provide a letter of apology to defense counsel of record.

The Defendant was thereafter sentenced to a term of life imprisonment. In imposing this sentence, this Court applied a two level enhancement for obstruction of justice, and denied the Government's motion for a downward departure. Defendant appealed this sentence to the Eighth Circuit Court of Appeals. On appeal, the Eighth Circuit upheld the Court's decision to deny his motion to withdraw his guilty plea, finding that "the evidence indicates that McKnight freely and voluntarily pleaded guilty to the charge, and that he failed to show a 'fair and just' reason for withdrawal of his guilty plea." <u>United States v. McKnight</u>, 186 F.3d 867, 869 (8th Cir. 1999). Relevant to the current motion before the Court, the Eighth Circuit noted in a footnote that an ineffective

assistance of counsel claim is better presented on collateral review. Id. n.2. The case was remanded to the district court for an evidentiary hearing on the obstruction of justice enhancement. Id. at 870.

At resentencing, the Court denied the Defendant's oral motion to withdraw his guilty plea, and was resentenced to a term of twenty years imprisonment, followed by ten years of supervised release. The Defendant also appealed this sentence, and again argued on appeal that the Court erred in denying his motion to withdraw his guilty plea without first holding an evidentiary hearing. The Eighth Circuit denied the Defendant's argument, finding that the Defendant "neither presented new evidence regarding his guilty plea, nor showed that our decision in McKnight I was manifestly unjust." United States v. McKnight, 242 F.3d 378 (8th Cir. 2000)(unpublished).

Defendant next challenged his sentence in a habeas petition filed March 8, 2001 pursuant to 28 U.S.C. § 2255. In his § 2255 Petition, Defendant argued that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court denied the petition by Order dated October 11, 2001. This Order was affirmed by the Eighth Circuit Court of Appeals in an opinion dated May 7, 2002. Thereafter, the Defendant filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582. That motion was also denied. See Order dated May 28, 2003.

Currently before the Court is Defendant's motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Defendant asserts that when he filed his § 2255 petition, his "jailhouse" lawyer failed to include a meritorious ineffective assistance of counsel claim. The meritorious claim to which he refers concerns the conduct of counsel he retained to bring the motion to withdraw his guilty plea. Defendant argues that there existed sufficient factual support for the motion to withdraw, yet counsel waived an evidentiary hearing, thus failing to place such factual support in the record, causing the motion to withdraw to be denied. Defendant argues that failure of his jailhouse lawyer to include this ineffective assistance claim in his § 2255 petition affected the integrity of the § 2255 proceeding.

Fed. R. Civ. P. 60(b)(6) provides relief from a final judgment for any "reason justifying relief from the operation of the judgment." Defendant argues that as his jailhouse lawyer failed to raise a meritorious claim in his § 2255 petition, the conduct of the jailhouse lawyer affected the integrity of the habeas proceeding. In other words, Defendant argues that received ineffective assistance from the jailhouse lawyer. However, there is no Sixth Amendment right to counsel in § 2255 proceedings. Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004). Thus, there can be no right to effective assistance of counsel in such proceedings. Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994).

The Defendant was specifically put on notice that the ineffective assistance of counsel claim arising from his initial motion to withdraw his guilty plea should be raised on collateral review. See, McKnight I, 186 F.3d at 869 n.2. Given such notice, the fact that his jailhouse lawyer failed to include the claim in his § 2255 petition is not a basis to attack the integrity of such proceeding. See also, United States v. Bowe, 1996 WL 734187 (D.C.Cir. 1996)("inadvertent errors of jailhouse lawyers do not constitute cause for failing to raise a claim in a prior motion").

The Court thus finds that the ineffective assistance of counsel claim arising from his initial motion to withdraw his guilty plea is an issue that could have been raised in his first § 2255 petition. The instant motion will thus be treated as a successive § 2255 motion for which the Defendant has not obtained the proper authorization from the Eighth Circuit Court of Appeals. Accordingly, this Court lacks jurisdiction to consider Defendant's motion. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2004)(If Rule 60(b) motion is actually a successive habeas petition, the court should dismiss the motion for failure to obtain authorization of the court of appeals).

IT IS HEREBY ORDERED that Defendant's Motion for Relief from Judgment Pursuant to Rule 60(b) [Docket No. 222] is DISMISSED.

Date: September 26, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court

Crim. No. 97-347
Civil No. 01-434